KELLY, Judge.
Christopher Monroe challenges the summary denial of his motions to clarify sentence and correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Monroe claims that his sentence does not accurately reflect the jail and prison credit he has earned. The trial court denied his motions, stating that the Department of Corrections, not the trial court, is the proper place to challenge postsentencing jail time credit issues. However, it is clear from his motions that Monroe claims to be missing both presen-tencing and postsentencing jail time credit. The trial court, not the Department of Corrections, is responsible for presentenc-ing jail time credit. See State v. Mancino, 714 So.2d 429 (Fla.1998). If the record reflects that Monroe served time prior to sentencing and that the sentence does not properly credit the defendant with this time, then the sentence may be challenged under rule 3.800. Mancino, 714 So.2d at 433. This case is therefore remanded to the trial court to consider Monroe’s claims regarding presentencing jail credit.[1] If the trial court again denies the motion, it shall attach those documents that conclusively refute the jail credit claim.
Reversed and remanded.
WHATLEY and NORTHCUTT, JJ., Concur.

. The relief Monroe seeks regarding jail time spent after sentencing must be sought through administrative proceedings with the Department of Corrections. Knight v. State, 681 So.2d 772, 773 (Fla. 2d DCA 1996).