929 So.2d 1151 (2006)
Christopher BRIGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-212.
District Court of Appeal of Florida, Fifth District.
June 2, 2006.
Christopher Briggs, Perry, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Briggs appeals from the summary denial of his "Motion to Correct Error's [sic] and for `Overlooked' Jail Time Credit" filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Under the circumstances posed by the record in this case, we reverse.
The facts in this case are somewhat confusing because Briggs violated his probation three times and was awarded three different periods of days credit for times served. On December 7, 1992, he pled no contest to burglary with a battery and sexual battery and was sentenced to prison terms, followed by ten and three years on probation, on both counts. He was released, but later admitted violating his probation.
On September 3, 1999, he was sentenced for the violation to 78 days in jail with credit for 78 days time served. The court reinstated his probation on both counts.
*1152 On July 17, 2001, Briggs admitted he violated probation a second time. He was sentenced on both counts to concurrent terms of one year in the Orange County Jail with credit of 209 days for time served. Again, the court reinstated his probation.
On October 3, 2002, Briggs admitted violating probation a third time. As part of the plea agreement, Briggs was to be sentenced to "12 YRS. DOC W/CTS." The plea and sentencing transcript reflects the following dialogue between the trial court, Briggs, and Briggs' counsel (Brett):
The Court: Christopher Briggs.
Brett: Mr. Briggs is charged with violation of probation, charged with picking up new charges of resisting an officer with violence and a failure to sign traffic citation. He was taken to court and given 30 days Orange County Jail.
We're willing to stipulate to a factual basis. And the venue is correct before this court.
The Clerk: This is CR90-9619.
(Appellant is sworn in)
The Court: I need the waiver of appeal.
Brett: I apologize, Judge. Case number, one more time is?
The Court: 9619.
Brett: If he waives his prior time 
The Court: He has 178 days.

Brett: He'll waive that, your honor.

(Standard plea colloquy ensues including Appellant's affirmative indication that no force, threats, intimidation, or blackmail were used to get him to enter the plea agreement and that he signed the plea agreement freely and voluntarily.)
The Court: I'll accept the plea because I find he is alert and intelligent and understands the nature of the charges, appreciates the consequences of what he's doing, that the plea is freely, voluntarily and intelligently made based on the advice of his lawyer, with whom he says he is satisfied, and there is a factual basis for the plea.
Any reason we can't have sentencing now?
Brett: No.
The Court: Anything you want to say before we do?
Brett: Nothing, your honor.
The Court: Adjudged to be guilty, probation revoked and terminated, remanded to the custody of the Department of Corrections State of Florida to be confined by them for a period of 12 years. My understanding is he's agreed to waive his 178 days.

Brett: He will waive the 178 days credit, that's correct.

The Court: Anybody use any force, threats, intimidation or blackmail to get you to 
Appellant: No, sir.

The Court: You've made that freely and voluntarily?

Appellant: Yes, sir.

(emphasis added).
The sentence imposed thereafter reflects that Briggs was officially sentenced to 12 years in the Department of Corrections with no jail credit.
Thereafter, Briggs lodged collateral attacks to obtain rights to jail and prison credit. He filed a motion on May 2, 2005, for an award for all previous jail time served. It was denied June 1, 2005. In denying the motion, the court ruled:
On October 23, 2002, the Defendant admitted to violating his probation for a third time. His plea agreement provided that he would be sentenced to "12 YRS. DOC W/ CTS". However, during the plea colloquy, the Defendant waived his "prior time", which the Court calculated *1153 as 178 days. This time was apparently calculated by using the time served from the Defendant's first violation of probation (78) days and the time he was incarcerated on his third violation (July 16, 2002-October 23, 2002= 100 days). The time the Defendant served for his second violation was overlooked. The Defendant was sentenced to 12 years in the Department of Corrections with no jail credit. (citations omitted) (emphasis added).
The trial court later held as follows:
The Defendant now contends that he should be given credit for all previous jail time because it is statutorily mandated.
The Defendant's allegation is without merit. A Defendant can validly enter into an agreement to waive his right to credit for time served. Epler v. Judges of the Thirteenth Judicial Circuit, 308 So.2d 134 (Fla. 2d DCA 1975). The record reflects that such a waiver occurred in this case. (See Exhibit "B" at page 2). Therefore, it is ORDERED that the Defendant's Motion for All Jail Time is DENIED. The Defendant is advised that he may file an appeal in writing within 30 days form (sic) the date of rendition of this Order.
Although Briggs' position on whether he waived jail time credit was not clear, in his unauthorized reply brief filed in this appeal, he takes the position that he does not dispute that he waived jail time credit during his plea hearing after his third violation. However, he contends that he only waived the 178 days mentioned during the plea colloquy. He asserts that he is entitled to an additional one year, 209 days for time served relating to his second revocation proceeding.
The 209 days served was acknowledged by the trial court in its various prior orders, one of which was attached to the current order under review, to show that a waiver occurred. In that order, the court admitted the time served for the second violation was overlooked in calculating the time waived (178 days) during the third revocation proceeding.
However, the record demonstrates that after Briggs' second revocation hearing he was sentenced to one year in jail with 209 days credit for time served. Thus, at most, Briggs is only entitled to 209 days of credit. Further, the 209 days awarded at the second VOP proceeding may have included the 78 days from his first VOP proceeding.
In denying Briggs' instant motion on December 21, 2005, the court added: "Although the Court miscalculated the previous credit to be 178 days, it is clear from the record that the Defendant was waiving all previous jail credit."
The totality of the circumstances in this case persuade us that it is not clear that Briggs waived the 209 days from the second VOP proceeding, when his counsel specifically agreed to the 178 days. Further, the court admitted it overlooked the 209 days. The original plea agreement stated he would receive credit for all time served. Thus, the dialogue at the hearing quoted above is the sole basis to support any waiver.
The award of jail time credit is mandatory under section 921.161, Florida Statutes, unless the record clearly shows that the defendant waived his or her entitlement to such credit. See Ryan v. State, 837 So.2d 1075 (Fla. 3d DCA 2003); Haines v. State, 851 So.2d 831 (Fla. 1st DCA 2003). Further, a waiver of jail credit will not be presumed and the state has the burden to clearly establish a waiver occurred. See Ryan; Haines; Cozza v. State, 756 So.2d 272 (Fla. 3d DCA 2000); Wells v. State, 751 So.2d 703 (Fla. 1st DCA *1154 2000); Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995). That was not done in this case.
Accordingly, we reverse the order denying credit for jail time served and remand to the trial court to award the 209 days that were "overlooked." However, the trial court may reduce that award by 78 days if the records in this case show that the 78 days awarded in the first probation violation proceeding were included in the 209 days awarded in the second violation proceeding.
REVERSED and REMANDED.
THOMPSON and MONACO, JJ., concur.