COHEN, J.
 

 We review the trial court’s order denying Appellant’s Florida Rule of Criminal Procedure 3.850 postconviction motion on the basis that Appellant waived any credit for time served before his arrest for violation of probation.
 

 On October 20, 2003, Appellant was convicted in Lake County of two counts of burglary of a dwelling and one count of strong-armed robbery and sentenced to three years’ prison followed by three years’ drug offender probation. He served from January 5, 2004, until March 26, 2005, when he began probation. After a violation of probation, on July 23, 2007, he entered a plea agreement which terminated his probation and resulted in a new sentence of five years’ probation with the following pertinent condition: “five years DOC suspended (should [defendant] violate,
 
 susp. sent, begins from date of arrest on
 
 VOP).” On August 14, 2007, Appellant was arrested on charges of aggravated assault with a deadly weapon and reckless driving. He remained in the Orange County jail until May 12, 2008, when he pled guilty to the Orange County offenses, was sentenced to two years’ prison, and granted 272 days’ credit for time served in Orange County. Appellant has been incar-
 
 *783
 
 eerated since May 22, 2008. While serving his Orange County sentence, Lake County issued a detainer for Appellant.
 

 On February 18, 2009, Appellant was transported from Marion Correctional Institute to Lake County to face the charge of violation of probation on the 2002 convictions. He remained in Lake County until April 1, 2009, when he pled guilty to the violation of probation and was sentenced to fifty-four months’ prison with 300 days’ credit for time served. The plea agreement states: “Admit / Adj. guilty / revoke & terminate!.] Defendant shall serve the prev suspended sentence of 54 months in the Dept, of Corrections w/ all CTS and GTC from date of arrest for VOP.”
 

 Appellant’s rule 3.850 motion seeks credit: (1) for time served in 2002 and 2003 prior to his original sentencing; (2) for time served in prison from 2003 until March 26, 2005; and (3) for 593 days served from the date of his arrest for the violation of probation on August 15, 2007, to the date of his plea on April 1, 2009.
 

 The trial court denied Appellant any relief, ruling that he
 

 knowingly and voluntarily waived any previous credit both before he ever violated his probation, on July 23, 2007, [ ] and pursuant to his plea agreement, April 1, 2009. Therefore, [Appellant] is not entitled to any credit previous to his arrest on the VOP on August 15, 2007, as he agreed to in his plea agreements.
 

 Appellant filed a motion for rehearing and/or clarification, indicating that the trial court’s ruling that he was not allowed credit prior to August 15, 2007, was consistent with his request for 593 days’ credit from August 15, 2007, to April 1, 2009. The trial court denied the motion for rehearing.
 

 A sentence that does not mandate credit for time served is illegal because a trial court has no discretion to impose a sentence without crediting a defendant with time served.
 
 State v. Mancilo,
 
 714 So.2d 429, 433 (Fla.1998). A defendant can, however, waive credit for time served as part of a plea agreement when such waiver is clearly shown on the record.
 
 Cozza v. State,
 
 756 So.2d 272, 273 (Fla. 3d DCA 2000).
 

 The record must clearly show that the defendant waived his or her entitlement to such credit.
 
 Briggs v. State,
 
 929 So.2d 1151, 1153 (Fla. 5th DCA 2006). Further, a waiver of jail credit will not be presumed and the State has the burden to clearly establish a waiver occurred.
 
 Id.
 
 The 2007 plea agreement’s language that the suspended sentence begins from the date of his VOP arrest appears to, but does not unequivocally demonstrate, Appellant’s clear intent to waive jail credit for earlier time served.
 
 See, e.g., Cheatum v. State,
 
 992 So.2d 877, 878 n. 2 (Fla. 5th DCA 2008) (remanding, where plea colloquy not part of record, for attachments to demonstrate plea agreement’s statement that defendant’s agreement to a sentence from the date of arrest on the violation showed clear intent to waive jail credit prior to his arrest on the violation). The 2009 plea agreement which reads “Admit/ Adj. guilty/ revoke & terminate!.] Defendant shall serve the prev suspended sentence of 54 months in the Dept, of Corrections w/all CTS and GTC from date of arrest for VOP” also appears to support the trial court’s finding, but does not reflect which arrest for violation of probation and is unclear whether the phrase “from date of arrest for VOP” modifies credit for time served as well as gain time credit.
 

 We cannot say with certainty that the record clearly shows a waiver of credit for time served. The order denying the mo
 
 *784
 
 tion does not include a transcript of either the July 23, 2007, or April 1, 2009, plea colloquies, either of which could well support the trial court’s determination that Appellant knowingly, voluntarily and with advice of counsel, waived his entitlement to credit for time served. When the plea form is unclear, as in this case, the plea colloquy might assist in clarifying whether Appellant waived any credit.
 

 We recognize that even without a transcribed plea colloquy, a plea agreement may clearly demonstrate such a waiver. In
 
 Joyner v. State,
 
 988 So.2d 670, 672 (Fla. 3d DCA 2008), the court affirmed the denial of credit because the plea agreement signed by defendant, defense counsel, assistant state attorney and the judge, provided an award of credit for time served from a specific date, effectively waiving any claim to credit for time served before that date. The waiver in
 
 Joyner
 
 was clear and unambiguous. The plea agreements in this case were not.
 

 We disagree with Appellant’s claim for credit during the period from August 15, 2007, until his April 1, 2009, sentencing, because a defendant is not entitled to jail credit for the “period during which the detainer or hold is lodged.”
 
 Gethers v. State,
 
 838 So.2d 504, 508 (Fla.2003). Appellant was not arrested for violating his probation until February 18, 2009, pursuant to an executed warrant for VOP of the Lake County convictions. Therefore, he is entitled to forty-three days’ credit from February 18, 2009, until April 1, 2009.
 

 Finally, without stating that he has exhausted his administrative remedies, Appellant seeks credit for additional prison time from 2003 until March 26, 2005. Appellant must first seek administrative relief through the DOC before pursuing mandamus relief in the circuit court after the DOC process has been exhausted.
 
 See Gillespie v. State,
 
 910 So.2d 322, 324 (Fla. 5th DCA 2005).
 

 In sum, we reverse and remand for the trial court to award Appellant forty-three days’ credit for his jail time in Lake County from February 18, 2009, to April 1, 2009, and for the trial court to attach the July 23, 2007, and April 1, 2009, plea colloquies, and any other portions of the record that support a denial of Appellant’s claim for credit for time served in 2002 and 2003. Otherwise, the order is affirmed without prejudice to Appellant to seek administrative relief through the DOC regarding prison credits.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 MONACO, C.J., and JACOBUS, J., concur.