ON MOTION FOR REHEARING

WELLS, Chief Judge.
We grant the State’s motion for rehearing, withdraw the opinion issued on No *7 vember 7, 2012, and substitute the following opinion in its stead.
Willie Foster appeals an order denying his Florida Rule of Criminal Procedure 3.800 motion for credit for time served. Because the record before us fails to conclusively refute Foster’s claim that he is entitled to an additional 357 days of pre-sentencing jail time credit, we reverse and remand for further proceedings.
In his Rule 3.800 motion, Foster alleged that he was incarcerated in the county jail for a total of 934 days before sentencing on case numbers F09-105547, F09-22090 and F11-13853B, but that he received only 577 days of jail credit for his sentences on those case numbers. Foster set forth the date of his presentence incarceration and his calculation of the credit to which he believes he is entitled. Foster did not attach any documents to the motion, but further alleged that the court file and jail records would conclusively demonstrate the error in jail credit that he had received. Upon treating the motion as facially sufficient, the trial court summarily denied relief without explanation or attachment of any portion of the record to support its finding, and instead referred the matter to the Department of Corrections to determine the proper amount of presen-tencing jail time credit that Foster should receive. Foster appealed.
“The trial court, not the Department of Corrections, is responsible for pre-sentencing jail time credit.” See Monroe v. State, 842 So.2d 265, 265 (Fla. 2d DCA 2003). Moreover, on appeal from a summary denial of a Rule 3.800 motion, this court must reverse unless the post-conviction record, see Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the defendant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D). The limited record before us-which consists only of Foster’s motion and the brief order-fails to show that Foster is not entitled to relief.[1] For these reasons, we reverse and remand for further proceedings. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts conclusively showing that Foster is not entitled to any relief.[2]
Reversed and remanded for further proceedings.

. In its motion for rehearing, the State suggests that the defendant's motion was not facially sufficient in light of the Florida Supreme Court’s opinion in Johnson v. State, 60 So.3d 1045 (Fla.2011). In light of the fact that the court below treated the motion as legally sufficient and the limited record before us, we decline to address this issue.

. On November 27, 2012, while the State's motion for rehearing was still pending, the lower court entered a new order denying the defendant's Rule 3.800 motion in an attempt to comply with this court’s November 7th opinion which we are now withdrawing. Setting aside the fact that an additional order was entered on this very matter before we resolved the motion for rehearing, we note that the latest order also fails to attach certain portions of the record (from the Criminal Justice Information System) relied upon in denying relief.