PER CURIAM.
Richard S. Hagans appeals from a trial court order denying his motion to correct an illegal sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Upon the State’s proper concession of error, we reverse.
Hagans was sentenced to incarceration after he violated the probationary portion of his split sentence. He was not awarded any jail credit for time served. As a result, Hagans filed a rule 3.800(a) motion, seeking jail credit for: (1) the time originally served on his incarcerative portion of his split sentence, and (2) the time spent in jail awaiting sentencing on his violation of probation conviction. The trial court treated the motion as facially sufficient and denied relief with a reference to the digital recording of the sentencing hearing transcript, but failed to attach the plea agreement or the transcript of the plea and sentencing hearing to the denial order.
Although Hagans could have waived both his credit for time served in prison on the original sentence and his credit for time served before sentencing as part of his negotiated plea agreement, such waiver must be clearly shown on the record and cannot be presumed. Smith v. State, 52 So.3d 781, 783 (Fla. 5th DCA 2010); Briggs v. State, 929 So.2d 1151, 1153 (Fla. 5th DCA 2006); Isaac v. State, 992 So.2d 304, 305 (Fla. 3d DCA 2008). Because the present record now before us fails to refute Hagans’s facially sufficient claim, we reverse the order and remand this cause to the trial court for the attachment of documentation evidencing Ha-gans’s waiver of entitlement to credit for time served; alternatively, if Hagans did not clearly waive this right on the record, then he is entitled to the award of such.[1] Fla. R.App. P. 9.141(b)(2)(D); Fla. R.App. P. 9.140(i); Foster v. State, 106 So.3d 6, 7 (Fla. 3d DCA 2013); Shea v. State, 97 So.3d 861, 862 (Fla. 4th DCA 2012).
REVERSED and REMANDED for further proceedings.
SAWAYA, PALMER and BERGER, JJ., concur.

. The holding in this matter is not inconsistent with our decision in Jarrett v. State, 89 So.3d 293 (Fla. 5th DCA 2012). Jarrett was denied relief because he filed a facially insufficient motion; he failed to specifically identify where the face of the record demonstrated his entitlement to relief. Id. at 294; see Boyd v. State, 57 So.3d 268 (Fla. 5th DCA 2011). Here, by contrast, Hagans’s motion is facially sufficient.