# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2253
Lower Tribunal Nos. 14-27476A, 15-382

_____

**Mark Evans,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Mark Evans, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, LAGOA, and SCALES, JJ.

LAGOA, J.

Mark Evans appeals an order summarily denying his motion for correction of jail credit under Florida Rule of Criminal Procedure 3.801. On appeal from a summary denial, this Court must reverse unless the postconviction record, see Fla. R. App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(D).

"The award of jail time credit is mandatory under section 921.161, Florida Statutes, unless the record clearly shows that the defendant waived his or her entitlement to such credit." Briggs v. State, 929 So. 2d 1151, 1153 (Fla. 5th DCA 2006). A "waiver of jail credit will not be presumed and the state has the burden to clearly establish a waiver occurred." Id.; see also Ryan v. State, 837 So. 2d 1075, 1076 (Fla. 3d DCA 2003). Because the record now before us fails to make the required showing, we reverse the order and remand for attachment of records conclusively showing that the appellant is not entitled to relief. Langdon v. State, 947 So. 2d 460 (Fla. 3d DCA 2007). If the trial court again enters an order summarily denying the postconviction motion, the court shall attach record excerpts, including a sentencing transcript and plea colloquy, conclusively showing that the appellant is not entitled to jail credit for time served.

Reversed and remanded for further proceedings.