PER CURIAM.
In its petition for writ of certiorari, the state seeks review of an order from the trial court declaring death not to be a possible penalty in respondent Billy Hill’s prosecution for first degree murder. Because the court below erroneously found that the state had previously waived the option of seeking the death penalty, we quash the order under review.
Hill entered into a negotiated plea to first degree murder in 1978 with the understanding that he would not be sentenced to death.
In 1994 he successfully moved to have the judgment and sentence vacated because the trial court, the prosecutor and the defense attorney made no mention during the plea colloquy that the life sentence which was to be imposed carried with it a mandatory minimum twenty-five years in prison.
Thereafter his new trial counsel filed a motion “to declare death not a possible penalty,” which motion was granted. In the oral pronouncement of the ruling, the court relied upon a finding that at the time of the original plea the state had asserted that this was not a death case. Moreover, the court accepted defense counsel’s argument that the imposition of a death sentence would make impossible the constitutional requirement that on resentencing Hill be credited with all time previously served. The state’s timely petition followed.
Our review of the record belies the basis for which the trial court determined that the state had waived its right to seek a death penalty. At no point during the original plea in 1978 did the state announce, or even hint for that matter, that it had determined that this was not a legitimate death case. What the state did do was convey an offer to Hill that a death penalty would not be sought if he wished to enter into a negotiated plea for life.
When a criminal defendant seeks to withdraw a negotiated plea, or to attack it collaterally, if he is successful he loses the benefit of the bargain he has elected to attack. Fairweather v. State, 505 So.2d 653 (Fla. 2d DCA 1987).
Both parties cite extensively to the principles enunciated in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), wherein constitutional proscriptions were recognized against vindictiveness in sentencing following the vacation of a judgment and sentence. But the United States Supreme Court later rejected any application of those principles in association with the vacation of a negotiated plea. Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
Hill’s principal argument is that Pearce and its progeny mandate that the Double Jeopardy Clause of the U.S. Constitution requires that upon resentencing a criminal defendant must be awarded credit on his new sentence for time spent serving the earlier one. While this is in fact a correct reading of the cases, Hill offers no authority to support the proposition that executing a criminal defendant unconstitutionally deprives him of credit for the years previously incarcerated. Entitlement to credit for time served is assured to guarantee a defendant who one day may be released that he need not commence service of his second sentence anew after resentencing.
We find Hill’s application of this principle to a second sentence imposed with no prospect for release, such as death, inventive but unpersuasive.
Certiorari granted, order quashed, and remanded.
CAMPBELL, A.C.J., and PATTERSON and WHATLEY, JJ., concur.