PER CURIAM.
Tyrone L. Miller was sentenced to concurrent terms of forty months for resisting an officer, twelve months for battery, and twelve months for attempted battery on an officer. He was on probation in three other cases at the time of these offenses and he was sentenced to twenty-four months on the underlying criminal charge in each of the probation revocation cases. The sentences in the probation revocation cases were imposed concurrently with each other but consecutively to the sentences in the new offense.
We conclude that the trial court committed two sentencing errors. First, the trial court erred in classifying attempted battery on an officer as a first degree misdemeanor. Based on the rule in Merritt v. State, 712 So.2d 384 (Fla.1998), the trial court should have treated this offense as attempted battery which is a second degree misdemeanor. Although this error had no effect on the scoring, the defendant’s sentence on this count must be reduced from twelve months to not more than sixty days. Second, the trial court erred in each of the three probation revocation cases by failing to give the defendant credit for the time he served in the Department of Corrections including the time he spent in the boot camp program, before his sentences were modified to probation. See State v. Green, 547 So.2d 925 (Fla.1989); Gardner v. State, 656 So.2d 933 (Fla. 1st DCA 1995).
On remand, the trial court shall enter a new sentencing order which reflects that the defendant was convicted of attempted battery, and the sentence for that offense shall not exceed sixty days. Additionally, the sentences in the probation violation cases must credit the defendant with the time he served before the original sentences in those cases were modified to probation. The defendant need not be present for resentencing.
Affirmed in part and reversed in part.
BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., concur.