829 So.2d 379 (2002)
Steven Mitchell SOMMERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-884.
District Court of Appeal of Florida, Third District.
November 6, 2002.
Michael H. Bloom, Miami; Amanda Maxwell, Coconut Grove, for appellant.
Robert A. Butterworth, Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before GREEN, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Steven Sommers appeals a sentence imposed upon revocation of probation. We reverse.
Upon conviction, Sommers was sentenced to concurrent twelve-year prison terms on counts I and II, and a consecutive ten-year term of probation on count III. After serving his prison sentence, Sommers began serving probation on count III. On May 25, 1999, on the state's affidavit of violation of probation, the court found that Sommers violated probation and sentenced him to two years community control, followed by 10 years of probation. Thereafter, on March 28, 2000, the state filed a second affidavit of violation. Based on a plea, the court sentenced Sommers to two years community control with monitoring, followed by ten years probation.[1] *380 On February 7, 2001, the state filed a third affidavit of violation. After a hearing, the trial court sentenced Sommers to a guidelines sentence of fifteen years in prison. The court did not give Sommers credit for the time served on counts I and II. Sommers appeals.
The threshold issue in this case is whether defendant preserved the argument presented on appeal, attacking the trial court's failure to award Sommers credit for the time served on counts I and II, on the sentence upon violation of probation in count III. We agree with the state that this argument was not properly preserved. The Criminal Appeal Reform Act, § 924.051, Fla. Stat. (2002), precludes consideration of issues not raised before the trial court. Here, although the trial judge himself questioned whether Sommers was entitled to the credit, defense counsel expressed a belief that Sommers was not entitled to credit. We must conclude that counsel's concession amounts to a waiver of Sommers's right to appeal this issue. However, that conclusion
requires the concomitant conclusion that [Sommers] received ineffective assistance of his counsel in failing to preserve a right which would have otherwise inevitably resulted in a correction of his sentence. Applying the limited, but controlling, exception to the rule that ineffectiveness claims may not be reached on direct appeal which applies when, as here, "the facts giving rise to such a claim are apparent on the face of the record,"
we address this issue in this appeal. Mizell v. State, 716 So.2d 829, 830 (Fla. 3d DCA 1998)(quoting Gordon v. State, 469 So.2d 795, 797 (Fla. 4th DCA 1985)). Accord Eure v. State, 764 So.2d 798 (Fla. 2d DCA 2000).
This case is completely indistinguishable from State v. Witherspoon, 810 So.2d 871 (Fla.2002). Witherspoon was sentenced to prison on count one, and a consecutive term of probation on count II. Upon release from prison, Witherspoon began serving his probation. Upon violating probation, Witherspoon was sentenced to prison on count II, without any credit for the time served on count I. In Witherspoon, the Court reiterated the holding in Tripp v. State, 622 So.2d 941, 942 (Fla.1993), that if "a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." Witherspoon, 810 So.2d at 872 n. 1 (quoting Tripp). Witherspoon further clarified that this rule in Tripp "should be applied notwithstanding the fact that the newly imposed sentence is within the guidelines." Witherspoon, 810 So.2d at 873.
In this case, the result should be the same as in Witherspoon and Tripp. Sommers is entitled to credit for the prison time he served on counts I and II, against the sentence imposed upon violation of probation on count III. The sentence is therefore reversed. On remand, the court shall award the appropriate credit.
Reversed and remanded.
NOTES
[1] The Plea Agreement provides: "The defendant will be given credit for all time served since March 28, 2000." This, however, does not amount to a global waiver of credit for all time served, as the state suggests. Additionally, although the Plea Agreement contains an acknowledgment that a violation may subject defendant to the "maximum penalties provided by law," this is not a tacit agreement to the sentence attacked in this appeal.