838 So.2d 1218 (2003)
Dedeaire GRIFFIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1760.
District Court of Appeal of Florida, Third District.
March 5, 2003.
*1219 Dedeaire Griffin, in proper person.
Charlie Crist, Attorney General and John D. Barker, Assistant Attorney General, for appellee.
Before JORGENSON, COPE, and GREEN, JJ.
GREEN, J.
Defendant Dedeaire Griffin appeals from an order denying his motion to correct an unlawful sentence pursuant to Florida Rule of Criminal Procedure 3.800. We affirm in part, and reverse in part.
The defendant was initially arrested on December 23, 1999, and remained incarcerated until his sentencing on March 6, 2000. On March 6, 2000, the defendant entered a guilty plea to armed robbery and third degree grand theft of an automobile, and was adjudicated guilty. He was sentenced to 364 days followed by two years community control followed by two years probation. He waived all credit for time served and gaintime. Additionally, the trial court recommended early termination of the defendant's jail sentence when space at boot camp opened up for him.
The defendant's jail sentence was terminated on October 17, 2000 when he entered into the boot camp program. He remained in boot camp until April 16, 2001, when he was released to community control. The defendant violated the conditions of his community control on August 7, 2001 and was arrested. On August 14, 2001, his community control was reinstated. He again violated his community control on October 11, 2001, and was sentenced on January 9, 2002 to two years in state prison with credit for 89 days time served from the date of his October 11 arrest to the date of sentencing.
In the court below, the defendant claimed he was entitled to credit for time served from the date of his December 1999 *1220 arrest to the time of sentencing on March 6, 2000; for his 364-day county jail sentence plus the six months he spent in boot camp; for the time spent on community control; and for the time he was incarcerated before his final sentence was issued on January 9, 2002. The trial judge denied the defendant's claim as to all periods of time.
The defendant is not entitled to receive credit for time served for the period he was in county jail awaiting his initial sentence because any credit or gaintime available to him was validly waived. See Prangler v. State, 470 So.2d 105, 106 (Fla. 2d DCA 1985)(finding that a defendant may validly enter into a plea bargain waiving his right to time served). This waiver is reflected in the March 6, 2000 final judgment of the trial court.
The defendant's next claim, that he should receive credit for his 364-day county jail sentence and for the time he spent in boot camp, is flawed. We do find some merit in the argument because the defendant should have been granted credit for time served after the March 6, 2000 sentencing for the time he actually spent in county jail up until his release to boot camp on October 17, 2000. See Sainvilus v. State, 689 So.2d 1261, 1261-62 (Fla. 3d DCA 1997)(finding defendant sentenced to prison for violating probation that was the second part of a split sentence is entitled to credit for time actually served in prison, prior to commencement of probationary term). Additionally, the defendant should receive credit for time served while participating in the boot camp program between October 17, 2000 and April 16, 2001. See Barger v. State, 744 So.2d 1159, 1159 (Fla. 1st DCA 1999)(finding that trial court erred in failing to award defendant credit for time served while in boot camp); Miller v. State, 731 So.2d 866, 866 (Fla. 1st DCA 1999)(same). He should not, however receive credit for his entire 364-day sentence as he did not serve all 364 days, but was only incarcerated from his sentencing on March 6, 2000 until he was released to boot camp on October 17, 2000. See Glenn v. State, 639 So.2d 1036, 1038 (Fla. 5th DCA 1994)(finding credit should only be awarded for time actually served, not for entire jail sentence).
The defendant may not receive credit for the time he was on community control between April 16, 2001 and October 11, 2001. Florida law dictates that credit cannot be given for time served on community control. Young v. State, 697 So.2d 75, 77 (Fla.1997); Toomajan v. State, 785 So.2d 1275, 1276 (Fla. 5th DCA 2001).
Finally, defendant argues he should receive credit for time served since his most recent arrest on October 11, 2001 to his sentencing on January 9, 2002. The record clearly reflects that defendant already received 89 days credit for time served for this period. No additional credit is warranted.
For these reasons, we affirm the trial court's denial to correct defendant's sentence as to the time he was incarcerated from December 23, 1999 to March 6, 2000, and October 11, 2001 to January 9, 2002. We also affirm the denial for credit for time spent on community control. We reverse the trial court's order as to defendant's time spent incarcerated from March 6, 2000 to October 17, 2000, and the time he spent in boot camp from October 17, 2000 to April 16, 2001, and remand with instructions to grant credit for time served as indicated in this opinion.
Affirmed in part. Reversed and remanded in part with instructions.