974 So.2d 1152 (2008)
Andrea JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2418.
District Court of Appeal of Florida, Third District.
February 13, 2008.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and CORTIÑAS, J., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
Following Hines v. State, 906 So.2d 1137 (Fla. 3d DCA 2005), we again hold that a provision in a plea agreement that the defendant is to be awarded credit for time served from a specific date effectively waives any claim to credit for time served before that date. See also Rivera v. State, 954 So.2d 1216 (Fla. 3d DCA 2007), review granted, 968 So.2d 557 (Fla. 2007). Contra, e.g., Davis v. State, 968 So.2d 1051 (Fla. 5th DCA 2007); but cf. Fulcher v. State, 875 So.2d 647, 649 (Fla. *1153 3d DCA 2004) (Cope & Wells, JJ., specially concurring), case dismissed, 890 So.2d 1114 (Fla.2004); Ryan v. State, 837 So.2d 1075 (Fla. 3d DCA 2003); Sommers v. State, 829 So.2d 379, 380 n. 1 (Fla. 3d DCA 2002). In this case, the defendant's agreement in writing and in the plea colloquy to having violated probation specifically in return for a four-year state prison sentence with "all credit for time served from 11/14/05," precludes his present claim for credit for time spent in boot camp in 2002 after he was originally charged, even though he would have otherwise been entitled to that credit. See Obando v. State, 867 So.2d 645 (Fla. 3d DCA 2004); Griffin v. State, 838 So.2d 1218 (Fla. 3d DCA 2003).
Affirmed.