988 So.2d 670 (2008)
Bernard A. JOYNER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1657.
District Court of Appeal of Florida, Third District.
July 23, 2008.
*671 Bennett H. Brummer, Public Defender, and Shannon P. McKenna, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.
Before COPE, SUAREZ, and CORTIÑAS, JJ.
COPE, J.
This is an appeal from an order denying a motion under Florida Rule of Criminal Procedure 3.800(a) for additional credit for jail time served. We affirm.
According to the motion filed by defendant-appellant Bernard Joyner, in 2004 the defendant entered into a plea agreement and was sentenced to five years probation for the offense of false imprisonment. According to the motion, he was incarcerated for 122 days prior to his release on probation.
In 2006, the defendant was arrested for violation of probation. He entered a plea of admission to the violation and was sentenced to two years incarceration in the Department of Corrections. He was incarcerated for seventy-eight days in jail prior to his commitment to the Department. The trial court awarded seventy-eight days of credit for jail time served.
The defendant subsequently filed the motion now before us, contending that he is entitled to credit for an additional 122 days, representing the 122 days he served in 2004 prior to his initial placement on probation. The trial court summarily denied the motion. The defendant has appealed.
To support the denial, the court attached the following agreement dated February 15, 2007:
AGREEMENT On CREDIT FOR TIME SERVED
1. I, Bernard Joyner, am the Defendant in Case No. FO336010

2. I am (check one):
____ pleading guilty
____ pleading no contest
____ admitting to a violation of community control

*672 X Admitting to a violation of probation

3. I understand and agree that as part of my plea bargain I will be receiving the following credit for time served (check one and fill in as appropriate):
[&check;] From 11-29, 2006 to 2-15, 2007
[] ____ days credit for time served
[] all credit for time served
[] no credit for time served
(Emphasis in original). The form was signed by the defendant, defense counsel, the assistant state attorney, and the judge.[1]
The question before us is whether the agreement operated as a waiver of the defendant's claim for the 122 days he served in 2004. By statute a defendant is to be given "credit for all of the time she or he spent in the county jail before sentence." § 921.161(1), Fla. Stat. (2004). Credit for time served may be waived, however, as part of a plea agreement. Prangler v. State, 470 So.2d 105, 106 (Fla. 2d DCA 1985); Epler v. Judges of the Thirteenth Judicial Circuit, 308 So.2d 134 (Fla. 2d DCA 1975).
We affirm the denial of relief on authority of Johnson v. State, 974 So.2d 1152 (Fla. 3d DCA 2008) (stayed pending disposition of Florida Supreme Court review in Rivera v. State, 954 So.2d 1216 (Fla. 3d DCA), review granted, 968 So.2d 557 (Fla.2007)). The Johnson court held that "a provision in a plea agreement that the defendant is to be awarded credit for time served from a specific date effectively waives any claim to credit for time served before that date." 974 So.2d at 1152.
At the court's request, the parties have addressed the question whether there is an internal conflict of this court's decisions regarding whether there is a waiver of credit for time served, when a provision in the plea agreement states that credit is to be provided from a particular date.[2] The defendant contends that there is a conflict between the language just quoted in Johnson and four of this court's earlier decisions: Griffin v. State, 838 So.2d 1218 (Fla. 3d DCA 2003); Ryan v. State, 837 So.2d 1075 (Fla. 3d DCA 2003); Sommers v. State, 829 So.2d 379 (Fla. 3d DCA 2002); and Cozza v. State, 756 So.2d 272 (Fla. 3d DCA 2000). We conclude that all of the cases are distinguishable and that there is no internal decisional conflict.
In Cozza, this court remanded because the plea colloquy was not in the postconviction record on appeal. 756 So.2d at 273. There is no indication in the opinion that there was any written plea agreement. In the absence of the plea colloquy, this court was unable to determine whether the defendant had waived credit for time served. Accordingly, this court reversed the order denying the defendant's motion for credit for additional time served, and remanded for further proceedings. Id. at 273-74.
In Ryan, the defendant accepted a plea offer by the court and the court pronounced sentence. 837 So.2d at 1076. After the colloquy, the court awarded credit for time served between February 22, 2002 and the sentencing on March 18, 2002. The defendant contended that he was entitled to additional credit for time previously served. This court remanded for the granting of the additional credit because there had been no waiver of credit for time *673 served during the plea colloquy. The trial court's order regarding credit for time served had been entered after the plea colloquy was over. Id. at 1076-77.
In Griffin, this court enforced a waiver of credit for time served for the period prior to the defendant's sentencing on March 6, 2000. 838 So.2d at 1219. The court concluded that there had been no waiver for time served subsequent to March 6, 2000, and directed that additional credit be given for the subsequent time served. Id. at 1220.
In Sommers, the defendant was sentenced to a split sentence of twelve years incarceration followed by ten years of probation. 829 So.2d at 379. He completed the incarceration and began serving the probationary period. After his first violation, the defendant was sentenced to community control followed by probation. After his second violation, the defendant entered into a plea agreement for community control followed by probation, with credit for time served since March 28, 2000. Id. at 379-80 & n. 1.[3] On his third violation, eleven months later, the defendant was sentenced to fifteen years incarceration. There was no plea agreement on the third violation.
Sommers contended that he was entitled to additional credit for time served, namely, the time he served on his original prison sentence in the Department of Corrections. The State maintained that the defendant's plea agreement which resolved the second affidavit of violation (when the defendant was sentenced to community control and probation) amounted to a waiver of a claim of credit for time served when, eleven months later, the defendant was sentenced to fifteen years incarceration. This court disagreed, saying that the earlier agreement "does not amount to a global waiver of credit for all time served, as the state suggests." Id. at 380 n. 1. See generally § 921.0017, Fla. Stat. (2001) (requiring credit for time served in certain split sentence cases).
In the case now before us the defendant entered the agreement quoted above, which provided for credit for time served between two stated dates. The present case is indistinguishable from this court's decision in Johnson, 974 So.2d at 1152-53, and we affirm on authority of that case.
Affirmed.[4]
NOTES
[1] The plea colloquy was not transcribed. The sole basis of denial of relief was the agreement.
[2] The court expresses its appreciation to the public defender and the State for filing their responses on an expedited basis. The defendant had asserted an entitlement to immediate release from incarceration.
[3] This agreement apparently provided for credit which would be applied against the defendant's two-year term of community control.
[4] Speaking for himself, the writer of this opinion suggests that the Agreement on Credit for Time Served could be improved by including an express waiver clause, see Hinkel v. State, 937 So.2d 1201 (Fla. 5th DCA 2006); Williams v. State, 711 So.2d 1369, 1370 (Fla. 4th DCA 1998), in plain language and in capital letters or bold faced type.