PER CURIAM.
 

 The appellant challenges the denial of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse.
 

 The appellant’s motion was facially sufficient as he alleged the dates for which he is seeking credit, the date of his sentence, and where in the record entitlement to relief may be shown.
 
 See Thomas v. State,
 
 634 So.2d 175, 177 (Fla. 1st DCA
 
 *980
 
 1994). The trial court did not attach sufficient record evidence refuting appellant’s entitlement to relief. Although the trial court attached the plea agreement, which specifically called for appellant to receive 100 days of credit (which the appellant was awarded), a written notation in the plea agreement as to the amount of credit a defendant will receive is not sufficient to demonstrate that a defendant “knowingly and voluntarily waived jail credit to which he would otherwise be legally entitled.”
 
 Davis v. State,
 
 968 So.2d 1051, 1052 (Fla. 5th DCA 2007). A stipulation to a specific amount of credit in a written plea agreement is not sufficient in the absence of eviderice “that the defendant knew of his entitlement to additional credit and voluntarily relinquished that right.”
 
 Id.
 
 at 1058. The record attachments do not indicate that appellant was aware of an entitlement to additional credit and voluntarily relinquished that right as part of his plea. Thus, the denial of appellant’s motion is REVERSED and REMANDED for the trial court to determine if the record demonstrates appellant’s right to the requested credit.
 

 WOLF, KAHN, and VAN NORTWICK, JJ., concur.