COPE, J.
(dissenting).
Respectfully, I believe the transcript sufficiently supports the waiver of credit for time served prior to the last booking date.
This case came before the court for a probation violation hearing. The court inquired what plea offer had been made by the State. After a delay in the proceedings, the State said:
[ASSISTANT STATE ATTORNEY]: Yes, we were ready this morning. The State’s offer is five (5) years state prison with credit time served since last time he was booked. I know there’s a different court offer.
Over the next several pages it became clear that part of the negotiation involved the length of the sentence, and part of it involved which probation condition the defendant would admit that he violated. The defendant wished to agree to a ground which would not adversely affect him in a pending case against him in Broward County. None of the discussion between the parties and the court involved credit for time served.
At the end of the negotiation, it was agreed that the defendant would admit to committing a technical violation of probation and would receive a four-year sentence (instead of the five years the State had offered).
The judge stated:
Sentence will be four (4) years state prison with all credit for time served to which he is entitled since his booking date on these affidavits. That’s the time that he gets credit for.
[ASSISTANT STATE ATTORNEY]: Your Honor, that’s for the record verification, but taking the plea here means credit for time served only since the date he was booked on the violation of the probation.
THE COURT: That is what I just said.
(Emphasis added). There was no objection by the defendant or his counsel.
This colloquy is clear enough to document a waiver of credit for time served prior to the last booking date. Our court has said that “a provision in a plea agree *619 ment that the defendant is to be awarded credit for time served from a specific date effectively waives any claim to credit for time served before that date.” Johnson v. State, 974 So.2d 1152, 1152 (Fla. 3d DCA 2008), review stayed, No. SC08-418 (Fla. March 18, 2008); Joyner v. State, 988 So.2d 670, 672 (Fla. 3d DCA 2008). The transcript sufficiently reflects such a waiver. We should affirm.