HAWKES, C.J.
The defendant challenges the trial court’s summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record conclusively refutes his claim of entitlement to additional jail credit, we affirm.
In a plea agreement, the defendant expressly stipulated that he would receive jail credit for time served “since October 2, 2007” in exchange for his guilty plea. He now claims he did not knowingly waive his right to receive credit for time served pri- or to October 2, 2007.
The inclusion of specific language indicating the specific date from which the defendant’s credit for time served would count towards his current sentence is sufficient to demonstrate he knowingly and voluntarily waived his right to have any credit he may have accrued prior to that date count towards his current sentence. See Johnson v. State, 974 So.2d 1152 (Fla. 3d DCA 2008) (holding “a provision in a plea agreement that the defendant is to be awarded credit for time served from a specific date effectively waives any claim to credit for time served before that date”); see also Joyner v. State, 988 So.2d 670 (Fla. 3d DCA 2008) (holding a stipulation in a plea agreement for jail credit from a specific date waives any claim to credit for prior time served).
Accordingly, we affirm the trial court’s denial of appellant’s Rule 3.800(a) motion to correct illegal sentence.
AFFIRMED.
THOMAS, J., concurs; BENTON, J., dissents with opinion.