PER CURIAM.
 

 The issue presented in this appeal is whether the trial court properly denied appellant’s motion for jail credit pursuant to Florida Rule of Criminal Procedure 3.800(a). Because appellant executed a written waiver of the credit to which he otherwise would have been entitled, we affirm.
 

 Appellant pled guilty to robbery with a firearm, burglary of an occupied structure with a firearm, and aggravated assault with a firearm and was sentenced to six years in prison. The written plea agreement stated that appellant would receive a 182-day credit for time served in the Palm Beach County Jail and that appellant “agrees to waive all other credit in this case (1 year).”
 

 In computing a sentence, a criminal defendant is “entitled to credit for all time served in Florida jails before sentencing,” but such credit “may be waived” if the defendant’s waiver is “specific, voluntary and clear from the face of the record.”
 
 White v. State,
 
 995 So.2d 1172, 1173 (Fla. 4th DCA 2008). We believe appellant’s signature on the written plea agreement evinces a specific and voluntary waiver of the one-year credit for time served, and the trial judge was correct to deny appellant’s motion to correct.
 

 We find this case to be distinguishable from
 
 Velasquez v. State,
 
 11 So.3d 979 (Fla. 1st DCA 2009). In
 
 Velasquez,
 
 the First District held that a notation of the amount of a jail credit on a written plea agreement “is not sufficient in the absence of evidence ‘that the defendant knew of his entitlement to additional credit and voluntarily relinquished that right.’ ”
 
 Id.
 
 at 980 (quoting
 
 Davis v. State,
 
 968 So.2d 1051, 1053 (Fla. 5th DCA 2007)). While the written plea agreement listed the credit the defendant would receive, the First District found no indication on the agreement that the defendant was aware of the credit he waived as part of the plea agreement.
 

 Here, the written plea agreement, bearing appellant’s signature, states that he agreed to waive a full year of credit. We find that this notation on the written plea agreement satisfies the requirement that appellant “knew of his entitlement” to additional jail credit and voluntarily waived his right to that credit.
 

 Affirmed.
 

 GROSS, C.J., WARNER and LEVINE, JJ., concur.