GERBER, J.
 

 The circuit court denied the defendant’s motion seeking additional jail credit under Florida Rule of Criminal Procedure 8.800(a). We reverse and remand for the circuit court to determine if the record demonstrates the defendant’s right to the requested credit.
 

 The defendant’s motion alleged that the trial court awarded him 28 days of credit, but that he was still due 148 days of credit which he served on house arrest. The defendant further alleged that his court and jail records would conclusively demonstrate his entitlement to that credit. The state’s response argued that the plea transcript conclusively refuted the defendant’s motion. According to the state, the transcript showed that the defendant expressly acknowledged his agreement to 28 days of credit.
 

 The circuit court entered an order denying the defendant’s motion, reasoning that • the plea transcript conclusively refuted the defendant’s motion. According to the court, “[t]he record reflects that Defendant was fully advised by the Court of his sentence, agreed to credit for 28 days,
 
 and thereby waived any additional credit.”
 
 (emphasis added).
 

 We reverse. A stipulation as to a specific amount of credit is not sufficient to demonstrate that a defendant knowingly and intelligently waived credit to which he otherwise would be entitled “in the absence of evidence that the defendant knew of his entitlement to additional credit and voluntarily relinquished that right.”
 
 Velasquez v. State,
 
 11 So.3d 979, 980 (Fla. 1st DCA 2009) (internal quotations and citation omitted);
 
 cf. Lahens v. State,
 
 27 So.3d 174, 175 (Fla. 4th DCA 2010) (finding Velasquez to be distinguishable where written plea agreement,
 
 stating that the defendant agreed to waive a full year of credit,
 
 satisfies the requirement that a defendant “knew of his entitlement” to additional jail credit and voluntarily waived his right to that credit).
 

 Neither the circuit court in its order, nor the state in this appeal, has cited any evidence in the record that the defendant knew of his alleged entitlement to additional credit and voluntarily relinquished that right. Therefore, we remand for the circuit court to determine if the record demonstrates the defendant’s right to the requested credit and to rule accordingly.
 
 Velasquez,
 
 11 So.3d at 980.
 

 Reversed and remanded.
 

 TAYLOR and CIKLIN, JJ, concur.