CANADY, C.J.
In these consolidated cases we consider whether challenges to plea agreement provisions concerning credit for time served are cognizable under Florida Rule of Criminal Procedure 3.800(a). Andrea Johnson seeks review of Johnson v. State, 974 So.2d 1152 (Fla. 3d DCA 2008), and Bernard Joyner seeks review of Joyner v. State, 988 So.2d 670 (Fla. 3d DCA 2008). In each case, the Third District Court of Appeal determined that the trial court did not err in denying a rule 3.800(a) motion. The Third District reasoned that relief was not available under rule 3.800(a) because the defendants’ assent to written plea agreements that provided the defendants would receive credit for time served for a specific period constituted waivers of any additional credit for time served. Johnson and Joyner correctly contend that the Third District’s decisions expressly and directly conflict with the decision of the Fifth District Court of Appeal in Davis v. State, 968 So.2d 1051 (Fla. 5th DCA 2007), which held that a plea agreement provision regarding credit for time served could be challenged under rule 3.800(a). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
*1048 For the reasons we explain, we approve the decisions in Johnson and Joyner.. We conclude that the challenges made by Johnson and Joyner to the credit-for-time-served provisions of their plea agreements were not cognizable under rule 3.800(a). We disapprove the Fifth District’s decision in Davis.[1]
I. BACKGROUND
On November 5, 2002, Johnson pleaded guilty to armed robbery and possession of a firearm by a felon. Johnson was placed on probation for a period of four years, with the special condition that he would participate in the Miami-Dade County Corrections and Rehabilitation Department Boot Camp Program. During the probationary term, an affidavit of violation of probation was filed, alleging that Johnson violated his probation by committing new offenses, failing to report to his probation office as directed, and failing to pay his supervision costs.
The trial court subsequently conducted a hearing on the alleged violations of probation. At the hearing, the State withdrew the allegation, that Johnson had committed new substantive offenses, and Johnson admitted that he violated his probation by failing to report to his probation office and by failing to pay his supervision costs. Additionally, ' the State and Johnson reached an agreement on sentencing. The agreement specified that Johnson would receive a sentence of four years of incarceration, with credit for time served from November 14, 2005. The trial court sentenced Johnson in accordance with the plea agreement, repeatedly stating on the record that Johnson would receive credit for time served from November 14, 2005. That same day, at the clerk of court’s suggestion, the parties and the trial court executed a document titled “Agreement on Credit for Time Served.” The document expressly provided that as part of his plea agreement, Johnson would receive “all credit for time served from 11/14/05.”
On April 16, 2007, Johnson filed a pro se rule 3.800(a) motion. Johnson asserted that he should have received credit for the time he spent in the boot camp program— which predated November 14, 2005 — toward the four-year sentence he received upon his violation of probation. The trial court denied Johnson’s request for additional credit, finding that Johnson “made a knowing, voluntary and intelligent plea” and was “only entitled to ... jail credit from the agreed upon date of November 14, 2005.”
On appeal, the Third District affirmed the trial court’s denial of relief. While acknowledging that the Fifth District had reached a contrary conclusion in Davis, 968 So.2d at 1052 (holding that a plea agreement stating that defendant would receive 1531 days of credit was not “conclusive evidence” that defendant validly waived any additional' credit), the Third District determined that “a provision in a plea agreement that the defendant is to be awarded credit for time served from a specific date .effectively waives any claim to credit for time served before that date.” Johnson, 974 So.2d at 1152 (citing Hines v. State, 906 So.2d 1137 (Fla. 3d DCA 2005)). The Third District then held that in Johnson’s case, “the defendant’s agreement in writing and in the plea colloquy to having violated probation specifically in return for a four-year state prison sentence with ‘all *1049 credit for time served from 11/14/05,’ precludes his present claim for credit for time spent in boot camp in 2002.” Id. at 1158.
Joyner’s case is procedurally similar. According to his rule 8.800(a) motion, on May 17, 2004, Joyner pleaded guilty to false imprisonment and was sentenced to five years of probation. On November 28, 2006, he was arrested for allegedly violating his probation. On February 15, 2007, Joyner admitted the violation, and pursuant to a plea agreement, he was sentenced to two years of incarceration. The parties and the trial court executed a document titled “Agreement on Credit for Time Served.” The document expressly provided that as part of his plea agreement, Joyner would receive credit for time served “from 11-29, 2006 to 2-15, 2007.”
On October 9, 2007, Joyner filed a pro se rule 3.800(a) motion. Joyner asserted that in addition to the seventy-eight days of credit he received for the period of November 29, 2006, to February 15, 2007, he should have received 122 days of credit for time served while he was awaiting sentencing on the false imprisonment count in 2004. The trial court summarily denied Joyner’s motion, and Joyner appealed in the Third District.
Citing its decision in Johnson, the Third District affirmed the trial court’s denial of Joyner’s motion. The Third District concluded that the provision in the plea agreement — which awarded Joyner credit for time served for a specific period — operated as a waiver of Joyner’s claim for credit for the 122 days he served in 2004.
Johnson and Joyner petitioned this Court to resolve the conflict between the district courts of appeal regarding whether a rule 3.800(a) motion may be denied on the basis that assent to a term in a plea agreement about credit for time served waives any claim to credit not provided for in the plea agreement. We accepted jurisdiction and consolidated the cases. The State has moved this Court to dismiss review in Johnson because Johnson completed his term of incarceration. We hereby deny the motion to dismiss. The doctrine of mootness does not destroy this Court’s jurisdiction in a case such as Johnson’s where the controversy presented “is capable of repetition yet evading review.” State v. Matthews, 891 So.2d 479, 484 (Fla.2004).
II. ANALYSIS
We agree with the Third District that Johnson and Joyner are not entitled to relief. We conclude that challenges to plea agreement provisions regarding credit for time served are not cognizable under rule 3.800(a) because those challenges present factual questions that cannot be resolved on the basis of the court records.
Florida Rule of Criminal Procedure 3.800(a) provides a mechanism for correcting the improper denial of credit for time served. The rule states in pertinent part:
(a) Correction. A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.
Fla. R.Crim. P. 3.800(a) (emphasis added). This rule allows defendants to petition “the courts to correct sentencing errors that may be identified on the face of the record.” Williams v. State, 957 So.2d 600, 602 (Fla.2007). “[B]ecause such errors may be resolved as a matter of law, [they] *1050 do not require contested evidentiary hearings.” Id. Under rule 3.800(a), “the burden [is on] the petitioner to demonstrate an entitlement to relief on the face of the record.” Id. at 604. The State accordingly has no burden to establish that the petitioner is not entitled to relief. Since “no evidentiary hearing is allowed” under rule 3.800(a), a claim of .error that the petitioner can establish only by relying on facts that are not evident on the face of the record is a claim that cannot be adjudicated under that rule provision. Brooks v. State, 969 So.2d 238, 242 (Fla.2007).
In the instant cases, the written plea agreements informed Johnson and Joyner that by accepting the agreements, they contracted to accept a specific amount of credit for time served. In their motions filed under rule 3.800(a), Johnson and Joyner claimed — notwithstanding the terms of their plea agreements — that they were entitled to relief because section 921.161(1), Florida Statutes (2006), created a statutory right to credit for time served while awaiting sentencing and they did not receive “all of the credit to which they were entitled. Johnson and Joyner did not assert in their rule 3.800(a) motions that their plea agreements should be set aside because they were unaware of the credit-for-time-served provisions or because their pleas were otherwise involuntary. They simply claimed entitlement to the full amount of credit for time served authorized by section 921.161(1).
In their appeals to the Third District from the denial of their motions, Johnson and Joyner conceded that a defendant may waive the statutory right to credit for time served but asserted that the trial courts should have granted their motions because the records in their cases did not demonstrate knowing, intentional, and voluntary waivers of their statutory right to credit. They contended that because their written plea agreements did not inform them of how much time they served while awaiting sentencing or of their statutory right to credit for that time, the plea agreements could not function as valid waivers of credit for time served. Johnson and Joyner now present the same argument as a basis for reversing the Third District.
The Third District did not-err in affirming the denial of the rule 3.800(a) motions. Johnson and Joyner failed to state a legally cognizable claim under rule 3.800(a), which affords relief only when “the court records demonstrate on their face an entitlement to that relief.” The argument presented by Johnson and Joyner is both procedurally barred and substantively meritless.
The argument presented by Johnson and Joyner is procedurally barred because it is based on an issue that was not raised in their rule 3.800(a) motions. Those motions make no assertion concerning the voluntariness of the plea agreements.
Even if the 3.800(a) motions filed by Johnson and Joyner had specifically challenged the knowing and voluntary nature of their plea agreements, such a claim cannot be adjudicated as a matter of law based on the court record alone, as required by rule 3.800(a). See Tatum v. State, 27 So.3d 700, 704 (Fla. 3d DCA 2010) (determining that claim that plea was involuntary due to misadvice of counsel could not “be discerned from the face of the record and [did] not, therefore, fall within .the purview of a Rule 3.800 motion”).
The record of trial proceedings can demonstrate that a defendant was fully informed and acting voluntarily when entering a plea. See Stano v. State, 520 So.2d 278, 280 (Fla.1988) (affirming summary denial of postconviction motion where “numerous quotations from the original record” conclusively refuted the defendant’s postconviction claim that his *1051 plea was involuntary). But a defendant challenging a plea provision cannot obtain postconviction relief simply by showing that the record does not demonstrate that he was expressly informed of critical consequences of the plea. The defendant instead must establish that in fact he did not understand his legal rights or otherwise entered the plea involuntarily.
Extra-record sources — such as testimony given by counsel concerning discussions between counsel and the petitioner — are relevant to establishing the circumstances of the plea and whether it was voluntary. See State v. Leroux, 689 So.2d 285, 237 (Fla.1996) (stating that where a defendant seeks to withdraw a plea due to the affirmative misadvice of counsel, the “issue would be best determined by the trial court after testimony from, but not limited to, defendant and his trial attorney”) (quoting Trenary v. State, 453 So.2d 1132, 1134 (Fla. 2d DCA 1984)); see also Lawrence v. State, 969 So.2d 294, 305-06 (Fla.2007) (affirming trial court’s denial of defendant’s claim that his guilty plea was involuntary because he was incompetent at the time of the plea where trial court relied heavily “upon counsel’s statements during the plea and during the posteonviction evidentiary hearing”); Zakrzewski v. State, 866 So.2d 688, 695-96 (Fla.2003) (affirming trial court’s denial of defendant’s claim that his guilty pleas were involuntary due to his counsel’s unfulfilled promise about the admission of evidence where trial court based its decision in part on trial counsel’s testimony about trial-strategy discussions with the defendant). The adjudication of a claim that a plea was involuntary therefore requires an eviden-tiary hearing during which the trial court can consider evidence beyond the trial record that is relevant to whether the defendant adequately understood his legal rights and voluntarily entered the plea. Such a claim is not properly raised via rule 3.800(a), under which “no evidentiary hearing is allowed.” Brooks, 969 So.2d at 242.
Johnson and Joyner’s argument on appeal also confuses the distinct requirements of rule 3.800(a) and rule 3.850. Johnson and Joyner contend that they were entitled under rule 3.800(a) to the award of additional time-served credit because the records in their cases did not conclusively prove that they validly waived their entitlement to full credit for time served. This argument inverts the burden established by rule 3.800(a). The State has no obligation to refute a defendant’s claim raised under rule 3.800(a). On the contrary, “the burden [is on] the petitioner to demonstrate an entitlement to relief on the face of the record.” Williams, 957 So.2d at 604. The defendants’ argument attempts to improperly import into rule 3.800 a requirement from rule 3.850 which specifies in subdivision (d) that an order summarily denying a facially sufficient motion must have attached “a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief.”[2]
*1052 Although a rule 3.800(a) motion is not an appropriate procedural vehicle for challenging a term of a plea agreement, a defendant who was sentenced pursuant to a plea agreement with a provision regarding credit for time served has procedural vehicles available for seeking relief from that plea on the basis of misunderstanding the availability of credit for time served. Such a defendant has two options. First, within thirty days after rendition of the sentence, the defendant may raise a claim that the plea was involuntary via a motion to withdraw a plea after sentencing under rule 3.170(0, Florida Rules of Criminal Procedure. Second, within two years from the date the conviction and sentence become final, the defendant may raise a claim under rule 3.850(a)(5), Florida Rules of Criminal Procedure, that the plea was involuntary. See Mikenas v. State, 460 So.2d 359, 361 (Fla.1984) (“This Court has held that the voluntariness of a plea is a recognized ground for relief in a 3.850 proceeding. The appellant has the burden of showing his plea was not knowingly and voluntarily entered.” (citation omitted)); Robinson v. State, 373 So.2d 898, 903 (Fla.1979) (“[T]he failure of a defendant to raise the issue of the validity of the plea by an appeal does not prohibit him from subsequently seeking collateral relief if the issues have not been previously addressed and ruled upon.”). Unlike rule 3.800(a), rules 3.170(1) and 3.850(a)(5) do not require the defendant to allege that entitlement to relief is apparent on the face of the record.
Neither rule 3.170(1) nor rule 3.850(a)(5), however, would afford relief of the type sought by Johnson and Joyner— that is, the unilateral alteration of the terms of a plea agreement. Johnson and Joyner seek to maintain the benefits which flowed to them from the plea agreements while depriving the State of at least a portion of the benefits for which the State bargained. The terms of a plea agreement cannot be rewritten in such a fashion. “When a criminal defendant seeks to withdraw a negotiated plea, or to attack it collaterally, if he is successful he loses the benefit of the bargain he has elected to attack.” Moreland v. Smith, 664 So.2d 1039, 1040 (Fla. 2d DCA 1995). Accordingly, a defendant who establishes that his plea was entered involuntarily is entitled to withdraw the plea but not to unilaterally rewrite the plea agreement to his advantage.
This Court has previously directed that a motion filed under rule 3.800(a) may be treated as a motion filed under rule 3.850 where it is in the “interest of justice to do so” and the motion would be timely under rule 3.850. Brooks, 969 So.2d at 243 n. 8 (quoting Hall v. State, 643 So.2d 635, 636 (Fla. 1st DCA 1994)). In the instant cases, however, the motions filed by Johnson and Joyner also do not state a prima facie claim under rule 3.850. Again, neither defendant alleged in his motion that his plea was involuntary. Nor did they allege trial counsel’s ineffectiveness as a basis for setting aside their pleas. Accordingly, the trial courts and the Third District did not err by not considering the motions filed by Johnson and Joyner as motions filed pursuant to rule 3.850.
III. CONCLUSION
Based on the foregoing, we approve the denial of relief in Johnson and Joyner. We also disapprove Davis.
It is so ordered.
PARIENTE, POLSTON, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion, in which QUINCE, J., concurs.
LEWIS, J., concurs in result.

. While not the basis of this Court's jurisdiction, certain other decisions have — like Davis — treated challenges to credit-for-time-served provisions of plea agreements as cognizable under rule 3.800(a). See, e.g., Howard v. State, 40 So.3d 46 (Fla. 4th DCA 2010); Rudicil v. State, 31 So.3d 328 (Fla. 4th DCA 2010); Reddix v. State, 15 So.3d 614 (Fla. 3d DCA 2009); Velasquez v. State, 11 So.3d 979 (Fla. 1st DCA 2009); Giggetts v. State, 5 So.3d 756 (Fla. 1st DCA 2009); Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995).

. Florida Rule of Appellate Procedure 9.141(b)(2)(D), which establishes appellate procedures for reviewing summary denials of motions for postconviction relief filed under criminal rules 3.800(a), 3.850, or 3.853, does not alter the burden of proof placed on the petitioner by rule 3.800(a). In an appeal from the denial of a rule 3.800(a) motion, if the "court records” do not "demonstrate on their face an entitlement to ... relief,” Florida Rule of Criminal Procedure 3.800(a), then “the record shows conclusively that the appellant is entitled to no relief,” Florida Rule of Appellate Procedure 9.141(b)(2)(D). An appellate court should affirm the summary denial of a rule 3.800(a) motion whenever the appellate court’s review of the record establishes that the defendant did not satisfy the burden of showing entitlement to relief on the face of the record.