THOMAS, J.
 

 The appellant appeals the denial of his motion to correct illegal sentence in which he seeks additional credit for time spent in jail prior to sentencing. For the reasons discussed below, we affirm.
 

 The appellant entered a plea of guilty to battery on a person over 65 years of age, burglary of a structure and petit theft. As part of the plea, he also admitted violating his probation imposed in another case. His written plea agreement called for him to receive a sentence of twenty-four months’ imprisonment with credit for “133 days + 48 days on [the] VOP case.” The appellant then filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) alleging an entitlement to more credit than stipulated in his plea agreement.
 

 By entering a negotiated plea which called for a specific number of days to be awarded as credit, the appellant waived any claim that he was entitled to more credit than called for in that plea.
 
 See Hagan v. State,
 
 25 So.3d 639, 640 (Fla. 1st DCA 2009) (“The inclusion of specific
 
 *1149
 
 language indicating the specific date from which the defendant’s credit for time served would count towards his current sentence is sufficient to demonstrate he knowingly and voluntarily waived his right to have any credit he may have accrued prior to that date count towards his current sentence.”). Moreover, a facially sufficient rule 3.800(a) motion for jail credit must: (1) provide the dates for which he is seeking credit, (2) provide the date of his sentence, and (3) allege where in the record it can be shown that he is entitled to relief.
 
 See Thomas v. State,
 
 634 So.2d 175, 177 (Fla. 1st DCA 1994);
 
 State v. Mancino,
 
 714 So.2d 429, 433 (Fla.1998). Here, the appellant does not specifically allege where in the record (or how) it can be shown that he is entitled to relief. He merely asserts that his entitlement is clear from some unidentified records “located at the Bradford County Court House.” Finally, the Florida Supreme Court held recently in
 
 Johnson v. State,
 
 60 So.3d 1045 (Fla.2011), that when a defendant enters into a plea agreement which specifies the number of days of credit to be awarded, a challenge to the “credit-for-time served provision” of the plea is not cognizable in a rule 3.800(a) motion.
 

 Accordingly, we AFFIRM the denial of the appellant’s motion to correct illegal sentence.
 

 HAWKES and ROBERTS, JJ., concur.