ON MOTION FOR REHEARING

PER CURIAM.
We grant the State’s motion for rehearing, withdraw our previous opinion, and substitute the following in its place. The trial court denied appellant’s Rule 3.800(a) motion for additional jail credit by attaching a copy of the negotiated plea form which contains a scrawled, handwritten notation that defendant was to receive forty days jail credit. We initially reversed the denial of the motion pursuant to cases holding that a mere notation on a plea form regarding the amount of jail credit is not sufficient to show a clear waiver of entitlement to additional jail credit. See Davis v. State, 968 So.2d 1051 (Fla. 5th DCA 2007).
However, in Johnson v. State, 60 So.3d 1045, 1048 (Fla.2011), the Florida Supreme Court disapproved of Davis and other cases which had allowed challenges to the *504 jail credit provision of a negotiated plea agreement to be raised in a Rule 3.800(a) motion. Johnson, 60 So.3d at 1048 n. 1.[1] The court also rejected the notion that a trial court must attach records to refute a Rule 3.800(a) claim. Id. at 1051; see also Jarrett v. State, 89 So.3d 293 (Fla. 5th DCA 2012) (rejecting the State’s concession of error).
Pursuant to Johnson, because the appellant in this case agreed to a specific amount of jail credit as part of his negotiated plea agreement, his remedy to challenge an incorrect jail credit calculation was to move to withdraw his plea. He did not request this relief in his motion. Appellant filed his motion within the Rule 3.850 time limit. We therefore affirm without prejudice for appellant to file a Rule 3.850 motion in the trial court within sixty days of the mandate for this opinion.

Affirmed.

STEVENSON, TAYLOR and LEVINE, JJ., concur.

. The overruled cases include: Howard v. State, 40 So.3d 46 (Fla. 4th DCA 2010); Rudicil v. State, 31 So.3d 328 (Fla. 4th DCA 2010); Velasquez v. State, 11 So.3d 979 (Fla. 1st DCA 2009); Giggetts v. State, 5 So.3d 756 (Fla. 1st DCA 2009); Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995).