PER CURIAM.
More than four years after his sentence became final on direct appeal, appellant Paul Small filed a Motion to Correct Illegal Sentence under Florida Rule of Criminal Procedure 3.800(a). The trial court granted the motion awarding appellant credit from the date the Palm Beach Sheriffs Office’s records showed he was taken into custody. Appellant moved for rehearing, arguing that he was entitled to five more days of jail credit from the date he was first arrested in Miami-Dade County on the warrant for this case. The trial court denied rehearing.
Appellant’s motion alleged that jail records would show his entitlement to the additional jail credit. Under prior case-law, this claim would appear sufficient and reversal would be required because the court did not review the foreign county’s jail records and attach the records refuting the claim. See Phillips v. State, 839 So.2d 893, 894 (Fla. 4th DCA 2003); Wright v. State, 830 So.2d 263, 264 (Fla. 5th DCA 2002); Hidalgo v. State, 729 So.2d 984, 984 (Fla. 3d DCA 1999).
In Johnson v. State, 60 So.3d 1045, 1051 (Fla.2011), however, the Florida Supreme Court made clear that a trial court is not required to attach records to refute a Rule 3.800(a) jail credit claim. The above cases requiring a court to review and attach jail records to refute a claim brought under Rule 3.800(a) — and outside the Rule 3.850 time limit — have been overruled. See Villar v. State, 110 So.3d 503, 504 (Fla. 4th DCA 2013); Jarrett v. State, 89 So.3d 293 (Fla. 5th DCA 2012) (recognizing that Johnson overruled cases requiring a trial *65 court to attach records to refute a Rule 8.800(a) claim).
Because appellant’s motion was filed outside the time for seeking relief under Rule 3.850[1], and because the entitlement to additional jail credit is not apparent from the face of court records, the trial court properly denied the claim for additional credit.

Affirmed.

TAYLOR, CIKLIN and LEVINE, JJ„ concur.

. Florida Rule of Criminal Procedure 3.801, effective July 1, 2013, requires that jail credit claims be raised within one-year of the sentence becoming final. See In re Amendments To Florida Rules of Criminal Procedure & Florida Rules of Appellate Procedure, 112 So.3d 1234, 1237 (Fla.2013).