CANADY, J., dissenting. As part of a plea agreement in a separate case, the State has agreed that even if it were to prevail here and the charged violation of section 322.34(5) were to be reinstated against Miller, it will not continue to prosecute Miller for a violation of section 322.34(5) in this case. The question of whether Miller can be convicted of violating section 322.34(5) therefore is now moot. Because the parties are seeking a purely advisory opinion—an opinion that has no bearing on the disposition of this case—I would dismiss this proceeding. “It is the function of a judicial tribunal to decide actual controversies by a judgment which can be carried into effect, and not ... to declare principles or rules of law which cannot affect the matter in issue.” Montgomery v. Dep’t of Health & Rehab. Servs., 468 So.2d 1014, 1016-17 (Fla. 1st DCA 1985). Contrary to the State’s claims, this case does not fall in the category of cases “capable of repetition yet evading review.” Johnson v. State, 60 So.3d 1045, 1049 (Fla. 2011) (quoting State v. Matthews, 891 So.2d 479, 484 (Fla. 2004)). The State itself is wholly responsible for rendering this case moot. A party should not be heard to assert that a recurring issue will evade review when that party itself has rendered moot the case presenting the issue for review. Accordingly, I dissent. POLSTON, J., concurs.