IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JASON L. WILLIAMS,

      Appellant,

 v.                              Case No.  5D17-2543

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 20, 1017

3.800 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Jason L. Williams, Okeechobee, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.


ORFINGER, J.

Jason L. Williams appeals the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  We affirm in part and reverse in part.

Williams was convicted of robbery while masked and two counts of grand theft. He was sentenced to life in prison with a thirty-year minimum mandatory for the robbery,

and ten years in prison for the grand thefts.  Additionally, he was designated as both a habitual felony offender (HFO) and a prison releasee reoffender (PRR).  This Court affirmed Williams's judgment and sentence on appeal.  Williams v. State, 134 So. 3d 965 (Fla. 5th DCA 2014).

Williams filed his first motion to correct sentence, challenging his HFO and PRR designations. The trial court dismissed the motion not on the merits, but as facially insufficient.  Williams appealed, and this Court affirmed. Williams v. State, No. 5D17-162 (Fla. 5th DCA May 2, 2017).  Williams then filed the instant motion to correct sentence, raising the same challenge to his HFO and PRR designations but now including record attachments.  The trial court denied relief, ruling that the instant motion was improperly successive.  This appeal follows.

The error to be corrected in a rule 3.800(a) motion must be apparent from the face of the record.  Johnson v. State, 60 So. 3d 1045, 1049 (Fla. 2011).  Accordingly, such a motion cannot require an evidentiary hearing.  Id.  As no evidentiary hearing is required or permitted, this Court is presented with pure issues of law on appeal, and applies the de novo standard of review.  Smith v. State, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014).

While rule 3.800(a) permits a defendant to file successive motions, a defendant is precluded from re-litigating the same issue previously decided on the merits in a successive rule 3.800(a) motion.  See State v. McBride, 848 So. 2d 287, 290-91 (Fla. 2003) (noting that, by "barring the filing of successive repetitive 3.800 motions, [Florida appellate] courts essentially have applied collateral estoppel principles"); Ellis v. State, 853 So. 2d 484, 485 (Fla. 5th DCA 2003) (explaining defendant's successive rule 3.800(a) motion violated law of case doctrine).

2

In his successive motion, Williams alleges his PRR designation is illegal because the trial court used the wrong dates in determining whether he committed the requisite offenses within the three-year statutory time frame. Williams's prior motion was dismissed as facially insufficient because he failed to allege which court records would show that his PRR designation was improper. The instant motion corrects that deficiency and is facially sufficient. Because the first motion was not denied on the merits, the instant motion is not improperly successive and should be considered by the trial court as to the PRR designation. However, we affirm as to the HFO designation without further discussion. Accordingly, we reverse and remand for the trial court to address the PRR claim on the merits.

AFFIRMED in part; REVERSED in part; and REMANDED.

BERGER and WALLIS, JJ., concur.