# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-1848
Lower Tribunal No. 01-21587B
_____


**Javarus Lamont Morgan,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.


Before SUAREZ, SALTER and EMAS, JJ.

PER CURIAM.

This case returns to us from the Florida Supreme Court, which quashed our earlier decision[1] affirming the trial court's denial of Morgan's motion to vacate illegal sentence, and remanded for reconsideration in light of the court's subsequent decisions in Walton v. State, 208 So. 3d 60 (Fla. 2016) and Williams v. State, 186 So. 3d 989 (Fla. 2016).[2] Morgan v. State, 42 Fla. L. Weekly S680 (Fla. May 26, 2017).

Following remand, this court ordered supplemental briefing by the parties. Having considered those supplemental briefs, and in light of Walton and Williams, we reverse the trial court's order denying Morgan's motion under Florida Rule of Criminal Procedure 3.800(a), and remand this cause to the trial court to permit Morgan to file, within sixty days, an amended motion, for the purpose of affirmatively alleging and establishing "that the court records demonstrate on their face an entitlement to relief" on the claim raised in Morgan's original motion.[3]

---

[1] Morgan v. State, 137 So. 3d 1075 (Fla. 3d DCA 2014).

[2] In Williams, the Florida Supreme Court held (and reaffirmed in Walton) that generally, under the 10-20-Life statute, "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." Williams, 186 So. 3d at 993; Walton, 208 So. 3d at 64.

[3] Morgan entered a negotiated plea to the charges of, *inter alia*, armed sexual battery and armed robbery. In each of these counts, it was alleged that Morgan possessed a firearm during the commission of these offenses. For each of these offenses, the trial court imposed a ten-year mandatory minimum sentence pursuant to the 10-20-Life statute (section 775.087(2)(a)1., Fla. Stat. (2001)). The trial court ordered that these two ten-year mandatory minimum sentences would run consecutively. Morgan's specific claim is that these sentences are illegal and should have been imposed concurrently rather than consecutively, because the two

2

See Fla. R. Crim. P. 3.800(a); Johnson v. State, 60 So. 3d 1045 (Fla. 2011) (observing: "The State has no obligation to refute a defendant's claim raised under rule 3.800(a). On the contrary, 'the burden [is on] the petitioner to demonstrate an entitlement to relief on the face of the record'") (quoting Williams v. State, 957 So. 2d 600, 604 (Fla. 2007)).

The trial court shall thereafter hold such hearings as may be appropriate to render a final order upon Morgan's amended motion.[4]

Given this court's prior order appointing counsel for Morgan on this appeal, the trial court shall appoint conflict-free counsel to represent Morgan during the proceedings on remand.

Reversed and remanded with instructions.

---

offenses occurred in a single episode and no firearm was discharged.

[4] We decline to reach the other issues raised in the supplemental briefs, and express no opinion on the merits of Morgan's claim.