# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-2876

_____

JOHN JOHNSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Gadsden County.
Robert R. Wheeler, Judge.

September 30, 2020

PER CURIAM.

Appellant challenges the denial of his motion to correct jail credit filed pursuant to Florida Rule of Criminal Procedure 3.801. For the reasons stated below, we reverse and remand.

Appellant entered a negotiated plea of no contest to aggravated battery on a pregnant victim and was sentenced to time served followed by three years of probation. Thereafter, Appellant violated probation. On May 19, 2016, Appellant pled no contest to violating his probation. Appellant's counsel indicated that Appellant contested counsel's jail credit calculation but would enter an open plea that day. The prosecutor offered to "calculate what his credit is, add two years to that, which will wind up being about 38 months or so." No specific number of days of jail credit

was mentioned. After conferring with counsel, Appellant indicated that he wanted to accept their deal, but he asked to be released for two weeks to attend a funeral. The trial court accepted the plea and granted release for two weeks to attend a funeral with a leg monitor. Appellant cut the leg monitor and failed to appear for sentencing on June 2, 2016. He was rearrested on June 13, 2017.

On February 8, 2018, at a sentencing hearing, Appellant's counsel stated that he believed Appellant was entitled to 809 days. Based on her notes, the prosecutor believed that Appellant had entered the plea for 38 months with 401 days of credit based on the anticipated sentencing date of June 2, 2016. After discussing his credit with the prosecutor, Appellant's counsel stipulated to 641 days of credit based on the 401 days on the plea form from May 19, 2016 and his arrest in June 2017. Counsel also indicated that Appellant wanted to include credit for an additional year and a day, but the law did not support it. Both Appellant's counsel and the prosecutor stipulated that Appellant had 641 days actually spent on these instant charges. The trial court sentenced Appellant to 58 months in prison with 641 days of credit.

On December 25, 2018, Appellant filed a motion for correction of jail credit. Appellant argued that he was entitled to 241 more days of jail credit based on his incarceration dates. Appellant attached an arrest warrant and a pre-trial information form, which he alleged supported his claim. On June 14, 2019, the trial court denied the motion. The trial court found that Appellant had entered a negotiated plea at the May 2016 hearing and waived his jail credit as part of the plea. This timely appeal follows.

On appeal, Appellant argues that the trial court erred when it determined that he waived his entitlement to jail credit. The record does not show that Appellant knew he was entitled to additional days and knowingly waived such credit. The record only shows discussion about the supposed amount of credit he would have had on June 2, 2016 when he failed to appear. Additionally, at the final sentencing hearing, Appellant's counsel indicated that Appellant believed that he was entitled to more credit. The record also does not contain the plea form, so it is not clear that Appellant agreed to a specific number of days. Thus, the record does not refute the claim.

2

While the State does not agree that the Appellant is entitled to relief, the State concedes that the record on appeal does not refute the claim.

"Although an accused may waive his entitlement to jail credit when entering a plea, the record must demonstrate a clear and knowing waiver of jail credit in order to refute a later claim for additional credit." *Cary v. State*, 997 So. 2d 423, 424 (Fla. 1st DCA 2008); *Lundy v. State*, 257 So. 3d 566, 566 (Fla. 4th DCA 2018) (holding that a jail credit waiver must be specific, voluntary, and clear from the face of the record). A defendant waives jail credit by entering a negotiated plea calling for a specific number of days to be awarded as credit. *Green v. State*, 62 So. 3d 1148, 1148–49 (Fla. 1st DCA 2011); *see Hagan v. State,* 25 So. 3d 639, 640 (Fla. 1st DCA 2009) ("The inclusion of specific language indicating the specific date from which the defendant's credit for time served would count towards his current sentence is sufficient to demonstrate he knowingly and voluntarily waived his right to have any credit he may have accrued prior to that date count towards his current sentence."). In this case, the record does not show that Appellant agreed to a specific number of days.

The record shows that Appellant entered a plea agreement that would, in effect, give him two years of incarceration in addition to his credit. However, the plea hearing does not indicate that a specific amount of credit was agreed to, and the plea form is not in the record. Further, Appellant did not specifically agree to counsel's stipulation on the record, and counsel noted Appellant's disagreement with counsel's calculation. The record indicates that Appellant wanted to enter a plea in which he would agree to a certain amount of credit, but no specific agreement on credit was reached. Because any waiver must be clear and knowing from the face of the record, the record does not refute Appellant's claim.

We therefore REVERSE and REMAND for further proceedings.

RAY, C.J., and BILBREY and JAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


John Johnson, pro se, Appellant.

Ashley Moody, Attorney General; Trisha Meggs Pate and Quentin Humphrey, Assistant Attorneys General, Tallahassee, for Appellee.