PER CURIAM.
 

 The appellant appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse and remand.
 

 In 1998, the appellant was convicted following a jury trial of four counts of DUI manslaughter and one count of DUI causing serious bodily injury, and was sentenced to 50 years’ imprisonment concurrent on each count. He filed a rule 3.800(a) motion alleging that the fifty-year sentences were illegal because they were above the statutory máximums for the offense. The state asserts that the appellant’s sentences of 600 months’ imprisonment are legal as they are within the guidelines range. §§ 921.001(5)(‘Tf a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure.”) Fla. Stat. (1997); 921.0014(2) (same), Fla. Stat. (1997);
 
 Mays v. State,
 
 717 So.2d 515, 516 (Fla.1998). However, the trial court failed to attach the appellant’s guidelines scoresheet or
 
 *1042
 
 anything else indicating that the appellant’s sentences are legal.
 
 [1]
 

 See, e.g., Corp v. State,
 
 698 So.2d 1349 (Fla. 1st DCA 1997) (“when denying a cognizable 3.800(a) claim, the trial court must attach portions of the record conclusively refuting that claim”). Therefore, we reverse and remand for the trial court to attach the guidelines scoresheet conclusively refuting this claim or for resentencing within the applicable statutory máximums.
 

 REVERSED and REMANDED with directions.
 

 BENTON, C.J, HAWKES, and ROWE, JJ., concur.
 

 [1]
 

 . In response to a
 
 Toler
 
 order, the State attached a scoresheet indicating that 600 months was in fact within the guidelines range. However, the
 
 trial court
 
 must attach portions of the order refuting a claim.
 
 Cf. Core v. State,
 
 685 So.2d 91 (Fla. 4th DCA 1997) (“Appellant's post-conviction motion was denied without evidentiary hearing or identification of evidence in the record that refuted his claims. The state has attempted to cure the record deficiency on appeal by supplying this court with documentation to support the decision below. This is insufficient to cure the error.").