PER CURIAM.
The appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), arguing that his 30-year sentences imposed for two counts of attempted armed robbery, a second-degree felony as set forth in sections 812.13(2)(a), and 777.04(4)(c), Florida Statutes (1997), exceed the statutory maximum of 15 years’ imprisonment. The trial court denied the motion, finding it to be untimely filed, and also noted that the appellant had been sentenced as a habitual felony offender. However, rule 3.800(a) provides in part that “[a] court at any time may correct an illegal sentence,” and thus the motion was not untimely. Furthermore, the court failed to attach any portion of the record indicating that the appellant was indeed sentenced as a habitual felony offender or to provide any other attachments conclusively refuting the appellant’s facially sufficient claim.
In response to this Court’s order issued pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), the state has conceded that the order should be reversed and remanded for a record attachment conclusively refuting the appellant’s claim or for the appellant to be resentenced.
We therefore reverse and remand for the trial court to either attach the portion of the record conclusively refuting the appellant’s claim, or for the court to resen-tence the appellant. See, e.g., Ross v. State, 14 So.3d 1198 (Fla. 1st DCA 2009).
REVERSED AND REMANDED.
ROBERTS, WETHERELL, and MARSTILLER, JJ., concur.