PER CURIAM.
Foster Lee Brown appeals the summary denial of his motion seeking postconviction *364 relief brought pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, without comment, the postconviction court’s denial of the appellant’s first and third claims. However, as to his second claim, we reverse.
“Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.” Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003) (citing Lippman v. State, 633 So.2d 1061 (Fla.1994); Clark v. State, 579 So.2d 109 (Fla.1991); and N.H. v. State, 723 So.2d 889 (Fla. 5th DCA 1998)). The post-sentencing amendment of a judgment to impose an HFO designation is a double jeopardy violation that can be remedied pursuant to rule 3.800(a) if it is apparent from the face of the record. State v. Akins, 69 So.3d 261, 268-71 (Fla.2011). Further, where a defendant has stated a facially sufficient claim that is cognizable pursuant to rule 3.800(a), a trial court is required to attach records to an order of denial which conclusively refute his entitlement to relief. See Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994).
In the instant case, the appellant argued in his second claim that he was originally sentenced to 30 years for the charge of aggravated battery, and then was brought back to court two days later to be sentenced on this charge to 30 years as a habitual felony offender. He cited specific documents in the record to support his claim. The trial court denied this claim by stating that the appellant had failed to demonstrate a basis for relief. However, the appellant’s claim was cognizable pursuant to rule 3.800(a) and facially sufficient. Further, as the State concedes in its response to this Court’s Toler[1] order, the trial court failed to attach documents to its order which refuted the appellant’s claim.
Accordingly, we reverse the trial court’s order denying the appellant’s rule 3.800(a) motion as to the second claim for relief. On remand, should the trial court again conclude that appellant’s claim lacks merit, it shall attach to its order the portions of the record conclusively refuting that claim. Otherwise, it shall grant the relief requested.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
CLARK, MAKAR, and OSTERHAUS, JJ., concur.

. Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).