PER CURIAM.
We affirm the order denying appellant’s rule 3.800(a) motion, but for reasons other than those argued by the State in its response. Appellant filed his motion seeking additional jail credit on September 26, 2013. The motion was not under oath. The trial court denied the motion without explanation, without ordering a state response, and without including any record attachments.
In response to our order to show cause in this appeal, the State argues that we should affirm because a case summary provided with the record on appeal suggests that the trial court granted additional jail credit by order entered on April 23, 2013. The State concedes, however, that we would normally remand based on the trial court’s failure to attach records showing conclusively that appellant was not entitled to relief. See St Cyr v. State, 126 So.3d 1166 (Fla. 4th DCA 2012); Ways v. State, 114 So.3d 350 (Fla. 3d DCA 2013).
*625 We do not accept the State’s concession. The Florida Supreme Court has made clear that a trial court is not required to attach any records to an order denying a rule 8.800(a) motion. Johnson v. State, 60 So.3d 1045, 1051 (Fla.2011). The burden is on the movant to show his entitlement to relief is clear on the face of the record. Id.
In this case, appellant filed his motion after the July 1, 2013, effective date of newly-enacted Florida Rule of Criminal Procedure 3.801. This new rule, which governs jail credit claims, requires that the claim be raised within one year after the sentence becomes final. A rule 3.801 motion must be filed under oath. Fla. R. Crim. P. 3.801(c). The procedures of rule 3.850(f) apply to jail credit claims brought under rule 3.801. Fla. R. Crim. P. 3.801(e). Thus, when a defendant files a sworn and legally sufficient rule 3.801 jail credit motion, the court can be required to attach records refuting the claim. See Fla. R. Crim. P. 3.850(f)(5).
The motion filed by appellant in this case was not under oath and did not comply with the requirements of rule 3.801. We affirm without prejudice for appellant to file a sworn and legally sufficient rule 3.801 motion within the time remaining under the rule. Fla. R. Crim. P. 3.801(b) (“For sentences imposed prior to July 1, 2013, a motion under this rule may be filed on or before July 1, 2014.”).

Affirmed without prejudice.

MAY, LEVINE and KLINGENSMITH, JJ., concur.