IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

OBIE DEWAYNE HOLLIMAN,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5886

Opinion filed December 9, 2014.

An appeal from the Circuit Court for Duval County.
Kevin A. Blazs, Judge.

Obie Dewayne Holliman, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

Appellant appeals the denial of a motion to correct illegal sentence which raised three claims. We affirm the denial of grounds two and three without further discussion. For the reasons discussed below, we reverse and remand the denial of ground one for further proceedings.

In ground one, Appellant asserts that his seventeen-year sentence for possession of a firearm by a convicted felon is illegal because it exceeds the fifteen-year statutory maximum for a second degree felony. Although it appears the sentences were imposed pursuant to a plea agreement, a defendant cannot plead to an illegal sentence. See Larson v. State, 572 So. 2d 1368 (Fla. 1991) ("[A] defendant cannot by agreement confer on a judge authority to exceed the penalties established by law"); Darling v. State, 886 So. 2d 417, 418 (Fla. 1st DCA 2004) (reversing a sentence that exceeded the statutory maximum even though the defendant had agreed to the sentence).

The trial court would have been correct to deny Appellant's motion if his seventeen year sentence is the lowest permissible under the criminal punishment code. See § 921.0024(2), Fla. Stat. (2009); Perkins v. State, 123 So. 3d 678 (Fla. 2d DCA 2013) ("[W]hen the lowest permissible sentence under the criminal punishment code exceeds the statutory maximum, the former becomes the maximum sentence a court can impose."). Assuming for argument's sake that the lowest permissible sentence under the sentencing guidelines is less than seventeen years, the remedy would not be an automatic resentencing if the sentence was imposed pursuant to a negotiated plea. Instead, the State would have the option of agreeing to a legal sentence or withdrawing from the plea. See Taylor v. State, 899 So. 2d 1191 (Fla. 1st DCA 2005).

Given the severely abbreviated record on appeal,[*] we are not able to engage in meaningful appellate review of the trial court's order. Appellant's lowest permissible sentence under the sentencing guidelines cannot be determined based on the record before us, which does not include his sentencing guidelines scoresheet. Nor does the record establish whether the plea was a negotiated plea for a specific sentence or an open plea with sentencing at the trial court's discretion.

In cases such as this, where the record fails to show conclusively that the appellant is not entitled to relief, this court has consistently reversed and remanded for the trial court either to attach to its order the portions of the record refuting the appellant's claim or to grant the requested relief. Fla. R. App. P. 9.141(b)(2)(d); see, e.g., Brown v. State, 132 So. 3d 363 (Fla. 1st DCA 2014); Cummings v. State, 106 So. 3d 33 (Fla. 1st DCA 2013); Higginbotham v. State, 69 So. 3d 1041 (Fla. 1st DCA 2011). But see Casteel v. State, 39 Fla. L. Weekly D1181 (Fla. 4th DCA 2014) ("We do not accept the State's concession. The Florida Supreme Court has made clear that a trial court is not required to attach any records to an order denying a rule 3.800(a) motion. Johnson v. State, 60 So.3d 1045, 1051 (Fla. 2011).

---

[*] The record on appeal is limited to "copies of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal." Fla. R. App. P. 9.141(b)(2)(A).

The burden is on the movant to show his entitlement to relief is clear on the face of the record. <u>Id.</u>").

Accordingly, we reverse and remand the order under review for the trial court to either attach the portion of the record that refutes Appellant's claim that his seventeen-year sentence for possession of a firearm by a convicted felon is illegal, to resentence Appellant to a legal sentence if the plea was an open plea, or, if the sentence was the result of a negotiated plea, to grant the state the option of (a) agreeing to a resentencing or (b) withdrawing from the plea and proceeding to trial on the original charges.

AFFIRMED in part, REVERSED and REMANDED in part for proceedings consistent with this opinion.

ROBERTS, RAY, and SWANSON, JJ., CONCUR.