# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2647
Lower Tribunal No. 97-15719
_____

**Emmett Timothy Cox,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler-Mendez, Judge.

Emmett Timothy Cox, in proper person.

Pamela Jo Bondi, Attorney General, and Eric J. Eves, Assistant Attorney General, for appellee.

Before ROTHENBERG, EMAS and LOGUE, JJ.

EMAS, J.

Emmett Timothy Cox appeals from the trial court's order denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  We affirm, because Cox failed to meet the burden imposed on him when seeking to correct or vacate an illegal sentence pursuant to rule 3.800(a).

On October 9, 1998, Cox entered a negotiated plea to the charges of armed robbery with a firearm (three counts) and aggravated battery (one count), and was sentenced as a habitual felony offender to life imprisonment.[1]  As part of the negotiated plea, Cox expressly stipulated in writing that "he qualifies as a habitual felony offender pursuant to the statutory requirements set forth in 775.084," and further stipulated that he had previously been convicted of qualifying predicate felonies in case numbers 89-47912, 89-47604, 89-47603, 89-47602 (each a conviction for armed robbery) and in case number 89-6004B (a conviction for burglary).  Cox further stipulated in writing that "at least one of the above prior convictions was within five years of the cases for which the defendant is presently

---

[1] This was part of a negotiated global plea in five separate cases; in the other four cases, Cox was charged with, inter alia, armed robbery (two counts); attempted armed robbery (one count); burglary with an assault or battery (one count); and fleeing a law enforcement officer.  As part of this negotiated global plea, the sentences imposed in all five cases were ordered to be served concurrently.

In addition, on April 17, 1998 (six months prior to the global plea) Cox had been sentenced to life in prison as a habitual felony offender in case number 97-12328 (three counts of armed robbery).  As part of the parties' negotiations, the sentences imposed pursuant to the global plea were also ordered to be served concurrently with the sentences previously imposed in 97-12328.

2

charged,"[2] and that none of these prior convictions had been set aside, nor a pardon granted.

In 2016, Cox filed a pro se motion to correct illegal sentence, alleging that the sentence (and in particular, the habitual offender designation) was illegal because his prior convictions were not sequential as required by section 775.084(5).[3] However, in his negotiated plea Cox expressly stipulated that he had been convicted of these prior predicate felonies and that he qualified as a habitual felony offender under section 775.084. In doing so, Cox knowingly and voluntarily waived the procedural requirements of section 775.084 and, with it, the State's obligation to present evidence establishing that Cox qualified as a habitual

---

[2] The actual language of the 1997 habitual felony offender statute required inter alia, that:

> The felony for which the defendant is to be sentenced was committed:
>
> . . . [w]ithin 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.

§ 775.084(1)(a)2.b., Fla. Stat. (1997).

[3] In 1997, section 775.084(5), Florida Statutes (1997) provided:

> In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.

felony offender.[4]  See Irving v. State, 627 So. 2d 92 (Fla. 3d DCA 1993); White v. State, 60 So. 3d 1101 (Fla. 5th DCA 2011).

Moreover, and as the State correctly argues, Cox failed to satisfy the burden imposed on him when seeking to correct an illegal sentence under rule 3.800(a). Unlike a motion for postconviction relief pursuant to rule 3.850,[5] a motion to correct illegal sentence pursuant to rule 3.800(a) places the burden on the defendant, who must "affirmatively allege[] that the court records demonstrate on their face an entitlement to relief. . . ."  Fla. R. Crim. P. 3.800(a).  The burden is

---

[4] Had Cox not entered such a stipulation and waived the procedural requirements, the State would have been required to present the necessary testimony and evidence (including judgments, sentences and, if applicable, prison release information) to establish that Cox qualified as a habitual felony offender.

[5] A motion for postconviction relief under rule 3.850 is generally subject to a two-year time limit, and contemplates an evidentiary hearing when necessary to resolve disputed factual issues.  On appeal from an order which denies the motion without an evidentiary hearing, the order shall be reversed "unless the record shows conclusively that the appellant is entitled to no relief."  Fla. R. Crim. P. 9.141(b)(2)(D).

By contrast, a motion to correct illegal sentence under rule 3.800(a) may be filed at any time, but must be determined as a matter of law, without an evidentiary hearing, based upon an error apparent on the face of the court record.  Given the absence of any time limitation for filing such a motion, and the unavailability of an evidentiary hearing, the burden is on the movant to demonstrate that the trial court's error and the defendant's entitlement to relief are apparent from the face of the record.  Williams v. State, 957 So. 2d 600 (Fla. 2007); Porkolab v. State, 187 So. 3d 945 (Fla. 3d DCA 2016); McClain v. State, 157 So. 3d 528 (Fla. 1st DCA 2015); Casteel v. State, 141 So. 3d 624 (Fla. 4th DCA 2014); Smart v. State, 124 So. 3d 347 (Fla. 2d DCA 2013); Jarrett v. State, 89 So. 3d 293 (Fla. 5th DCA 2012).

4

not upon the State to demonstrate that the records conclusively show that the defendant is entitled to no relief. In meeting his burden on a motion to correct illegal sentence, the defendant may not rely on facts beyond the face of the record. Johnson v. State, 60 So. 3d 1045 (Fla. 2011). In the instant case, Cox has failed to affirmatively identify court records which, on their face, demonstrate the existence of an illegal sentence or an entitlement to relief under rule 3.800(a). Indeed, on its face, the record below (which includes the written plea agreement and the sentencing transcript) undermines Cox's claim that he did not qualify as a habitual felony offender.

Affirmed.