DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEWIS P. WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1234

[October 12, 2022]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard Bober, Judge; L.T. Case No. 97-13605CF10A.

Lewis P. Williams, DeFuniak Springs, pro se.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Lewis P. Williams appeals the denial of a rule 3.800(a) motion to correct an illegal sentence. His motion alleged that the trial court miscounted the predicate offenses used to sentence him as a violent career criminal and that he did not actually qualify as a violent career criminal.

Because Williams' motion failed to demonstrate that the alleged sentencing error is apparent from the face of the record, we affirm. *See Bover v. State*, 797 So. 2d 1246, 1251 (Fla. 2001); *see also Johnson v. State*, 60 So. 3d 1045, 1051 (Fla. 2011) (explaining the State has no obligation to refute a claim raised in a rule 3.800(a) motion, and Florida Rule of Appellate Procedure 9.141(b)(2)(D) does not change the defendant's burden on a rule 3.800(a) motion); *Espinosa v. State*, 263 So. 3d 114, 116 (Fla. 3d DCA 2018) (recognizing the defendant had the burden to supply record excerpts showing his violent career criminal sentence was illegal).

Affirmance is without prejudice for Williams to refile his motion if he can demonstrate from the court record (i.e., the sentencing transcript and exhibits received by the trial court) that his sentence was illegal and that

it still affects his current release date.  *Cox v. State*, 221 So. 3d 723, 725 (Fla. 3d DCA 2017) ("In meeting his burden on a motion to correct illegal sentence, the defendant may not rely on facts beyond the face of the record.").

*Affirmed.*

KLINGENSMITH, C.J., GERBER and LEVINE, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***