# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-955
Lower Tribunal No. F15-23662
_____

**Felipe Lizano,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Felipe Lizano, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before FERNANDEZ, SCALES and MILLER, JJ.

PER CURIAM.

Self-represented appellant Felipe Lizano appeals a May 16, 2023 order denying Lizano's May 3, 2023 postconviction motion to correct what Lizano asserts is an illegal sentence. In his postconviction motion (and on appeal), Lizano argues that the trial court's December 6, 2017 amended sentencing order – designating Lizano as an habitual felony offender – that corrected an October 4, 2017 sentencing order (mitigating the earlier sentence), violated the constitutional prohibition on double jeopardy.

The record, though, reveals that the challenged amended sentencing order was entered merely to reflect the oral habitual felony offender designation pronouncement made at the September 27, 2017 sentencing hearing. The trial court, therefore, did not err in denying Lizano's postconviction motion.

Affirmed.[1]

---

[1] Lizano argues that, during two other hearings in this case, occurring on October 4 and October 12, 2017, the trial court failed to designate Lizano as an habitual felony offender. Lizano bore the burden of attaching to his postconviction motion copies of the transcripts of these proceeedings, which he failed to do. See Cox v. State, 221 So. 3d 723, 725 (Fla. 3d DCA 2017) ("In meeting his burden on a motion to correct illegal sentence, the defendant may not rely on facts beyond the face of the record."); Williams v. State, 957 So. 2d 600, 604 (Fla. 2007) (concluding that it is the defendant's burden "to demonstrate an entitlement to relief on the face of the record"). Hence, without opining on the merits of this argument, our affirmance is without prejudice to Lizano filing a renewed postconviction motion attaching copies of the relevant transcripts that Lizano asserts support his argument in this regard.